### KNAPP v. GREGORY et al.

*(Supreme Court, General Term, Second, Department. July 22, 1892.)*

TROVER AND CONVERSION—FRAUDULENT CONVEYANCES—EVIDENCE.
   In an action by a mortgagee of chattels against a sheriff who has levied an execution against the mortgagor thereon, in which defendant claims that the mortgage was fraudulent, it is not error to permit plaintiff to prove the consideration of the mortgage.

Appeal from circuit court, Orange county.

Action by Charles S. Knapp against James S. Gregory and others. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendants appeal. Affirmed.

Argued before DYKMAN and CULLEN, JJ.

*J. W. Gott,* for appellants. *Thomas Watts,* for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon a verdict of a jury in favor of the plaintiff, and from an order denying a motion for a new trial based upon the minutes of the court. The basal facts are these: In the month of October, 1890, Calvin B. Gale executed and delivered to the plaintiff and Richard D. Osborn a chattel mortgage upon farm stock and utensils. The defendants, who were creditors of Gale, thereupon obtained judgments against him, and issued executions thereon against the property of Gale to the sheriff of Orange county, who sold the property under such executions. Thereupon this action and one in favor of Osborn was commenced against the sheriff to recover the damages resulting from such sale, and the defendants were substituted as defendants in the place of the sheriff in the actions. This action was tried at the circuit in Orange county, and the jury rendered a verdict in favor of the plaintiff for $700. Like most cases involving a chattel mortgage, the validity of that instrument was the serious question litigated upon the trial of this action. The counsel for the defendant conducted a searching inquiry into the consideration and the honesty of the mortgage, but there was evidence which the jury might believe sufficient to establish its honesty. The appellants upon this appeal complain of the rulings of the trial judge which permitted the plaintiff to prove the consideration for the mortgage, but they were not erroneous; on the contrary, the plaintiff was called upon to show the transactions free from fraud, and the best way to do that was to manifest its honesty. It is quite true that there were contradictions and inconsistencies in the testimony of the plaintiff, but they all went to the jury with the entire evidence in the case, and we must assume that the truth was extracted. The charge was so full and fair that it escaped exception, and the finding of the jury under it cannot be disturbed. The judgment and order denying the motion for a new trial should be affirmed, with costs.